**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JERRY EARL, | Case No: 1:15-cv-342 |
| Plaintiff, | Dlott, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

**I.     Background**

On May 26, 2015, Plaintiff Jerry Earl filed this Social Security appeal in order to challenge the Defendant's finding that he was not disabled. *See* 42 U.S.C. §405(g). On January 21, 2016, this Court granted the parties' joint motion to remand, pursuant to sentence four of 42 U.S.C. §405(g), for further review by the Social Security Agency. (*See* Docs. 13, 14).

After the Court entered Judgment remanding this case to the Agency, the parties filed a joint stipulation, reflecting agreement that Plaintiff's counsel was entitled to an award of his fees under the Equal Access to Justice Act ("EAJA"). The Court thereafter entered an Order pursuant to the joint stipulation, awarding Plaintiff $2,250.00 in attorney's fees, plus $400.00 in costs. (Doc. 20).

Following remand, an Administrative Law Judge ("ALJ") issued a favorable decision, finding the Plaintiff to have been disabled for a closed period of benefits commencing March 16, 2012 through January 20, 2015 (Doc. 21 at 2). On December 13, 2016, Plaintiff's counsel filed a new motion in this Court, seeking the approval of an

additional award of attorney fees under 42 U.S.C. § 406(b). Although Plaintiff's motion alludes to "attached copies" of the Notice of Award and a signed contingency agreement, the referenced copies are not attached. The Defendant has filed a short memorandum in partial opposition to the amount of fee sought by counsel, to which Plaintiff has filed no reply.

Plaintiff represents that the Notice of Award, dated December 4, 2016, states that the Agency has withheld 25% of the total past-due benefits, or $15,505.25, for attorney fees. The motion further represents that, on an unspecified date, Plaintiff signed a 25% contingency fee agreement with his attorney for work done in this Court. Plaintiff now seeks a total award of attorney's fees in the amount of $9,394.75 for the 11 hours and 45 minutes of work he performed in this Court.[1] The amount requested represents the maximum attorney fee award permitted by statute, 25% of the past-due benefits award, when added to the $6,000.00 that counsel previously received for work performed at the administrative level.

The pending motion has been referred to the undersigned for initial review and a Report and Recommendation. The undersigned now recommends that counsel's motion be granted, but that the award be significantly reduced to avoid a windfall.

II. Analysis

Unlike the prior EAJA award received by counsel for the same work, which was paid directly by the United States, a fee award under 42 U.S.C. §406(b) impacts the social security claimant, because it is paid directly out of his past benefits award. However, also in contrast to the EAJA which permits payment of attorney's fees upon judicial remand alone (subject to relatively few additional conditions), a §406(b) fee can

---

[1] Counsel has attached as a sole exhibit to the motion a time sheet that purports to reflect the expenditure of 13 hours 45 minutes. However, the total time reflected on the record adds up to only 11 hours and 45 minutes.

be awarded <u>only</u> if the agency awards benefits after remand.

By statutorily capping contingency fee awards in social security cases at 25%, Congress has attempted to protect often-desperate plaintiffs from giving up too much of their future benefit awards for the sake of obtaining legal representation. This Court's affirmative duty to examine the "reasonableness" of the amount of fees sought under §406(b) was confirmed in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002), but has long been emphasized in related Sixth Circuit authority. For example, in *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989), the Sixth Circuit "emphasize[d]" that the 25% statutory cap should not be "viewed as *per se* reasonable." More recently, published case law from this district explains that an attorney seeking fees under §406(b) "must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered." *Lowery v. Comm'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013) (*citation omitted*).

Prior to consideration of the merits of counsel's motion in this case, the undersigned acknowledges that the motion was promptly and timely filed, within two weeks of the reported date of the Notice of Award. Since January 1, 2016, Local Rule 54.2(b) has made clear that any motion seeking a fee award under the Social Security Act, 42 U.S.C. § 406(b), must be filed "no later than forty-five days after entry of judgment or the date shown on the face of the social security certificate award (notice of award), whichever is later." While the undersigned applauds counsel for filing his motion within the specified deadline, the undersigned recommends a significant reduction in the recoverable fee, from the statutory maximum requested, to a more reasonable award.

Although Plaintiff suggests that he is seeking a fee of $7,144.73, closer

examination reveals that he is seeking a total award of $9,394.75 for his work in this Court. The lower figure cited by counsel is incorrect, as it improperly accounts for a previously received EAJA fee award.

As the Defendant Commissioner points out, counsel's receipt of a prior EAJA fee award for the same work must be taken into account, as the EAJA's Savings Clause bars duplicative awards. Therefore, an attorney who recovers a second, larger fee under 42 U.S.C. § 406(b) must refund the EAJA fee to the claimant. In his fee motion, Plaintiff concedes that he cannot recover twice for the same work, and proposes the subtraction of the EAJA fee award from the §406(b) award to avoid the practical necessity of refunding the prior fee to his client.

Counsel's proposal to apply the EAJA award as an offset to any amount actually awarded under § 406(b) is not improper. This Court has sanctioned the practice of subtracting a prior EAJA fee from a subsequently awarded §406(b) award to effectuate the bar on duplicate recovery in a manner that makes "the claimant…the primary beneficiary of the" overlap. *See* H.R. Rep. 99-120(I), 99th Cong., 1st Sess. 1985, 1985 U.S.C.C.A.N. 132, 148-149 (May 15, 1985). However, in his motion, counsel has applied the offset prematurely, in a manner that suggests that he is seeking a smaller award than is accurate. To determine the "reasonableness" of the fee award that counsel seeks under § 406(b), this Court must consider the full fee sought for work performed in this Court. To consider only the additional (second) fee after an EAJA offset would produce a result in conflict with the prohibition on double-recovery.

A contingency fee may be reduced if the fee requested would constitute a windfall. *Gisbrecht*, 535 U.S. at 808, citing *Rodriguez v. Sec'y of HHS*, 865 F.2d 739, 746-747 (6th Cir. 1989) (*en banc*). Considering the actual number of hours spent in this

Court (11.75), and dividing that number into the full amount of attorney's fee that is sought ($9,394.75), reveals that counsel is seeking a hypothetical rate of $799.55 for his work in this case.

A rate of nearly $800 per hour amounts to an unreasonable windfall on the record presented. The Defendant Commissioner advocates for a lower award, and the undersigned agrees that a significant reduction is warranted.

Considering that the Commissioner jointly agreed to remand this case, the work required was somewhat less than the amount of work expended in a typical social security appeal. Examination of counsel's time records confirms the routine nature of the work performed, as eight of the twelve entries reflect time spent on such tasks as preparing and filing a form complaint and summons (2 entries totaling 1.25 hours), and preparing motions to extend time or reviewing notational orders from this Court granting such extensions (6 entries totaling 1.5 hours). Counsel logged an additional half hour reviewing Defendant's prepared joint motion to remand, and this Court's order granting that motion. In the past, this Court has reduced payment for excessive amounts of attorney time spent on routine tasks, including the disallowance of time spent preparing a summons. While the undersigned does not recommend disallowing any individual time entry, the referenced review confirms the impropriety of awarding the statutory maximum fee.

Counsel's motion cites his lengthy representation of Plaintiff, but his time at the administrative level already has been fully compensated under 42 U.S.C. §406(a), and this Court may not duplicate that recovery in assessing a separate award under 42 U.S.C. §406(b), which is restricted to work performed in this Court. Counsel also cites his experience and the results achieved to argue that the requested fee would not

5

constitute a windfall. But those factors constitute only part of the analysis required by *Gisbrecht* and its progeny.

In *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990), a pre-*Gisbrecht* case, the Sixth Circuit approved of the calculation of a hypothetical hourly rate as "one method of determining whether the attorney would 'enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.'" *Id.* at 421-422 (internal quotation and citation omitted). Plaintiff contends that his request is "in line with" similar fee awards, but primarily relies upon West Virginia and California cases that were decided close in time to *Gisbrecht*, when the "reasonable" standard was still evolving. In *Claypool v. Comm'r of Soc. Sec.*, 294 F. Supp. 2d 829 (S.D. W. Va. 2003), the amount of past due benefits was nearly $200,000, more than three times the amount awarded in this case, and the resulting fee award, while very high, constituted just 9% of the past due benefits. One of the other two cases cited by counsel is unpublished as well as not within this jurisdiction. The third case is published but also not from this jurisdiction, and reflects a much lower hourly rate than sought by counsel here. *See Hearn v. Comm'r of Soc. Sec.*, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) ($450.00 per hour).

More recent cases within this district better illustrate an appropriate award in this case. The hourly rate typically awarded by this Court in social security cases in which counsel seeks an EAJA award ranges from $170-$180 per hour. Applying a rate that doubles the typical EAJA award strikes a balance that allows counsel to recover a fee that is more than fair for such a routine and essentially uncontested case as this one. Accordingly, the undersigned recommends that counsel's fee be reduced to the equivalent of $360 per hour to avoid a windfall on the record presented. *Accord*

6

*Lowery, supra* (approving unopposed request for contingency fees based on well-supported motion that represented significant voluntary reduction to just 14.5% of the past-due benefits award).

### III. Conclusion and Recommendations

For the reasons stated, it is **RECOMMENDED THAT:**

1. Plaintiff's motion for an award of attorney's fees under 42 U.S.C. § 406(b) (Doc. 21) should be GRANTED only in part;

2. Considering the routine and uncomplicated nature of this case, counsel should be awarded a total fee of $4,230.00 for the 11.75 hours of work performed in this Court, subject to an offset of $2250.00 of the EAJA fee previously awarded. Therefore, the additional fee to be awarded under 42 U.S.C. §406(b) should total $1,980.00.

                                         *s/ Stephanie K. Bowman*
                                         Stephanie K. Bowman
                                         United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JERRY EARL,                                        Case No: 1:15-cv-342

    Plaintiff,                                  Dlott, J.

    v.                                              Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).